IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


LAWRENCE E. CROSS, III

                Plaintiff,

    v.

MICHAEL J. ASTRUE, Commissioner
of Social Security

                Defendant.

No. 03:10-CV-934-HZ

OPINION & ORDER


Alan Stuart Graf
ALAN STUART GRAF P.C.
316 Second Rd
Summertown, TN 3848

          Attorney for Plaintiff

Adrian L. Brown
U.S. ATTORNEY'S OFFICE


1 - OPINION & ORDER

District of Oregon
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

Benjamin J. Groebner
SOCIAL SECURITY ADMINISTRATION
Office of General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075

       Attorneys for Defendant

HERNANDEZ, District Judge:

       Plaintiff Lawrence E. Cross, III brings this action seeking judicial review of the Commissioner's final decision to deny disability insurance benefits (DIB) and supplemental security income (SSI).  This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c)(3)).  I reverse the Commissioner's decision and remand for additional proceedings.

## PROCEDURAL BACKGROUND

       Plaintiff protectively filed for DIB and SSI on October 26, 2006, alleging an onset date of October 23, 1992.  Tr. 124-34.  His application was denied initially and on reconsideration.  Tr. 53-66, 72-77.  On August 12, 2009, plaintiff appeared for a hearing before an Administrative Law Judge (ALJ).  Tr. 23.  On August 25, 2009, the ALJ found plaintiff not disabled.  Tr. 8-20. The Appeals Council denied review.  Tr. 1-3.

## FACTUAL BACKGROUND

       Plaintiff alleges disability based on his mental impairments of bipolar and personality disorders.  Tr. 163.  At the time of the hearing, he was forty-one years old.  Tr. 124.  He is a high school graduate and has attended one year of college.  Tr. 169.  Because the parties are familiar

with the medical and other evidence of record, I refer to any additional relevant facts necessary to my decision in the discussion section below.

SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated according to a five-step procedure.  See Valentine v. Commissioner, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability).  The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity."  If so, the claimant is not disabled.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b).  In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments."  Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c).  If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity."  Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d).  If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four.  Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any

impairment(s), has the residual functional capacity (RFC) to perform "past relevant work." 20

C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant can, the claimant is not disabled.  If the

claimant cannot perform past relevant work, the burden shifts to the Commissioner.  In step five,

the Commissioner must establish that the claimant can perform other work.  Yuckert, 482 U.S. at

141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f).  If the Commissioner meets his

burden and proves that the claimant is able to perform other work which exists in the national

economy, the claimant is not disabled.  20 C.F.R. §§ 404.1566, 416.966.

THE ALJ'S DECISION

The ALJ determined that plaintiff's date of last insured (DLI) was December 31, 2000.

Tr. 13.  At step one, the ALJ determined that plaintiff had not engaged in substantial gainful

activity since his alleged onset date.  Id.  Next, at step two, the ALJ determined that plaintiff had

the severe impairments of Personality Disorder and Borderline Intellectual Functioning.  Id.  As

part of that determination, the ALJ considered the medical evidence, plaintiff's hearing

testimony, and the testimony of medical expert Dr. Robert Davis.  Tr. 13-14.  At step three, the

ALJ found that the impairments, singly or in combination, did not meet or equal the

requirements of any listed impairment.  Tr. 14-16.  Next, the ALJ determined that plaintiff had a

residual functional capacity (RFC) to perform work at all exertional levels, but with the

following limitations: mild impairment with short term memory and difficulty with

concentration, but able to perform simple repetitive tasks; and a level of alertness consistent with

95 percent of a normal individual due to the side effects of medication.  Tr. 16.  At step four, the

ALJ found that the plaintiff had no past relevant work.  Tr. 18.  At step five, the ALJ concluded

that the plaintiff was not disabled.  Tr. 19.  Considering plaintiff's age, education, work

experience, and RFC, the ALJ found that plaintiff could perform work as a car wash attendant, fast food worker, security, and lot attendant.  Id.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings are based on legal error or are not supported by substantial evidence in the record as a whole.  Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009).  "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id. (internal quotation omitted).  The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision.  Id.; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007).  "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed."  Vasquez, 572 F.3d at 591 (internal quotation and brackets omitted); see also Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's") (internal quotation omitted).

## DISCUSSION

Plaintiff contends that the ALJ erred in concluding the he was not disabled.  Specifically, he contends that the ALJ (1) failed to give sufficient reasons for not incorporating all of Dr. Frank Lahman's opinion into Plaintiff's RFC, (2) failed to give sufficient reasons for the weight he accorded to Dr. James E. Bryan[1], (3) failed to discuss the records from the Office of Vocational Rehabilitation Services, (4) erred in evaluating Plaintiff's credibility, and (5)

---

[1]In his opinion, the ALJ mistakenly transposed the name to "Bryan James".  Tr. 18.

5 - OPINION & ORDER

improperly evaluated Plaintiff's impairments at step three.  I will only discuss the first, second, and fifth alleged errors because they are dispositive.

I.       Meeting or Equaling Listing

Plaintiff argues that the ALJ erred when he did not find plaintiff disabled at step three. Plaintiff contends that he meets or equals listing 12.05(C) for mental retardation.  To qualify as presumptively disabled under § 12.05, the claimant must "satisf[y] the diagnostic description in the introductory paragraph and any one of the four sets of criteria."  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(A).  The introductory paragraph of § 12.05 requires that the evidence show the onset of mental retardation before age 22.  Id. at § 12.05.  Therefore, to meet the listing 12.05(C), plaintiff needs to show (1) onset of the impairment before age 22, (2) a valid verbal, performance, or full scale IQ of 60 through 70, and (3) a physical or other mental impairment imposing an additional and significant work-related limitation of function.  Id. at § 12.05(C).

It appears that the ALJ did not consider listing 12.05(C), but performed an analysis for 12.05(D) instead.  Tr. 15.  The second and third requirements of § 12.05(C) are not in dispute. Plaintiff scored a 70 in the performance IQ test, thus satisfying the second requirement for § 12.05(C).  Tr. 715.  The ALJ also found that plaintiff suffered from the severe impairments of borderline intellectual functioning and personality disorder, thus satisfying the third requirement under § 12.05(C).  Tr. 13.  However, the ALJ did not find that plaintiff's impairment manifested before age 22.[2]  Tr.16.  The ALJ cited to evidence that plaintiff graduated from high school on time, had a C average, and was not placed in special education classes.  Tr. 16.

---

[2]This requirement is found in the introductory paragraph of § 12.05, so the ALJ analyzed this requirement when he performed the § 12.05(D) analysis.

6 - OPINION & ORDER

Plaintiff argues that the ALJ erred by concluding that the impairment did not manifest before age 22 based on these facts and cites Lewis v. Astrue in support.  Case No. 10-63, 2011 U.S. Dist. LEXIS 29338 (D. Or. Feb. 15, 2011).  In Lewis, onset of the impairment before age 22 was supported by evidence that the claimant struggled all through school and needed remedial help to graduate from high school.  Plaintiff has testified that he failed college math in 2004-05, that there was a difference between "high school math, basic math, and college math".  Tr. 30-31.  At most, this evidence shows that plaintiff struggled with college math at age 37.  The ALJ's finding that plaintiff's impairment did not develop before age 22 is supported by substantial evidence.

II.    Medical Evidence

Social security law recognizes three types of physicians:  (1) treating, (2) examining, and (3) nonexamining.  Holohan v. Massanari, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citing Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995)).  Generally, more weight is given to the opinion of a treating physician than to the opinion of those who do not actually treat the claimant.  Id. at 1202.  If the treating physician's opinion is not contradicted, the ALJ may reject it only for "clear and convincing" reasons.  Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).  Even if the treating physician's opinion is contradicted by another doctor, the ALJ may not reject the treating physician's opinion without providing "specific and substantial reasons" which are supported by substantial evidence in the record.  Id.

Dr. Bryan evaluated plaintiff twice, on October 10, 2006 and April 12, 2007.  He is at the very least, an examining physician.  In the October visit, Dr. Bryan diagnosed plaintiff with bipolar and personality disorders.  Tr. 718.  He also observed that plaintiff had "inappropriately

disinhibited" social behavior and an "impairment of social recognition and judgment". Tr. 717.
Importantly, Dr. Bryan did not think there was feigning or deliberate exaggeration.  Id.  During
the second visit in April 2007, Dr. Bryan once again diagnosed plaintiff with bipolar and
personality disorders.  Tr. 784.  He again observed that although plaintiff attempted to interact in
a formal demeanor, behavioral and speech oddities eventually emerged and that there was no
indication of feigning or exaggeration.  Tr. 782.

Plaintiff's medical records through December 2006 were reviewed by Dr. Lahman, a
psychologist with the State Disability Determination Services, for an RFC determination.  Dr.
Lahman concluded that plaintiff could perform simple and routine work and that there should be
limits to contact with the general public and coworkers.  Tr. 775.  The ALJ adopted this RFC,
except for the limitation on contact with the general public and coworkers.  Tr. 17-18.

Plaintiff argues that the ALJ erred by not giving Dr. Bryan's opinion enough weight and
for not including all of Dr. Lahman's limitations in plaintiff's RFC.  I agree.  In determining a
claimant's RFC, an ALJ must assess all the relevant evidence, including medical reports and
witnesses' descriptions of limitation, to determine what capacity the claimant has for work.  See
20 C.F.R. § 416.945(a).  The ALJ did not give a specific reason for rejecting Dr. Lahman's
opinion that plaintiff should have limited contact with the general public.  Tr. 18.  The ALJ states
that he has given "great weight to Dr. Lahman's assessment, to the extent that is it consistent
with the residual functional capacity above[.]"  Id.  Likewise, with respect to Dr. Bryan's
opinion, the ALJ generally states that Dr. Bryan's conclusions are "inconsistent" with the
plaintiff's "actual reported level of functioning."  Id.

With respect to plaintiff's reported level of functioning, the ALJ pointed out that plaintiff

8 - OPINION & ORDER

attended, worked, and volunteered at Portland Community College (PCC) and that he "generally interacted well with counselors, examiners, and others in treatment." Tr. 15. The record is replete with examples of plaintiff's non-social behavior. For example, Dr. Lawrence Hipshman, a treating psychologist, reports a "necessity to choose words carefully in order that they not be interpreted as offensive", a quickness "to interpret in a negative way anything that is said to him", and that plaintiff's affect is defensive and easily irritable. Tr. 556, 560-61. During counseling sessions, plaintiff frequently interrupted peers, was intrusive, too vocal and opinionated, and "not pro-social". Tr. 364, 67, 377, 382. I do not find that the ALJ's decision in rejecting portions of Drs. Lahman and Bryan's opinions is supported by substantial evidence in the record.

The hypothetical that an ALJ poses to a VE to determine what work a claimant can perform "must include 'all of the claimant's functional limitations, both physical and mental' supported by the record." Thomas v. Barnhart, 278 F.3d 947, 956 (9th Cir. 2002) (quoting Flores v. Shalala, 49 F.3d 562, 570-71 (9th Cir. 1995)). An RFC that fails to take into account a claimant's limitations is defective. Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 690 (9th Cir. 2009). The ALJ failed to include plaintiff's limitation of contact with the general public or coworkers—as attested to by Drs. Lahman and Bryan—in making a RFC assessment and in questioning the vocational expert ("VE"). This failure is legal error.

Plaintiff argues that the case should be remanded with an award of benefits. The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no

9 - OPINION & ORDER

useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989).

Under the "crediting as true" doctrine, evidence should be credited and an immediate award of benefits directed where "'(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.'" Harman, 211 F.3d at 1178 (quoting Smolen, 80 F.3d at 1292). The "crediting as true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003).

Here, the RFC failed to adequately reflect plaintiff's limitations. As a result, the ALJ also failed to solicit appropriate testimony from the vocational expert regarding the effect of plaintiff's additional limitations. In instances where the VE has not offered evidence regarding the vocational options, if any, when all of a claimant's limitations are presented to the VE, an award of benefits is inappropriate. Harman, 211 F.3d at 1180 (noting that "[i]n cases where the testimony has failed to address a claimant's limitations as established by improperly discredited evidence, we consistently have remanded for further proceedings rather than payment of benefits."). The matter must be remanded for further proceedings addressing the improperly evaluated evidence of Drs. Lahman and Bryan. If necessary, the ALJ must then revise the RFC analysis and apply the correct medical-vocational guideline or obtain VE testimony regarding

plaintiff's workplace limitations.

CONCLUSION

The Commissioner's decision is reversed and remanded for additional proceedings.

IT IS SO ORDERED.

Dated this  1st   day of August, 2011

 /s/ Marco Hernandez
Marco A. Hernandez
United States District Judge

11 - OPINION & ORDER